UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**THEODORE SCOTT,**

    **Plaintiff,**

v.          No. 1:24-cv-00710-JCH-JFR

**CITY OF ALBUQUERQUE, and
APD OFFICER GEORGE MARTINEZ
#7869, and APD OFFICER MAX DENERSTEIN
#5541,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendants George Martinez and Max Denerstein's *Motion for More Definite Statement* **(ECF No. 10)**. Plaintiff, Theodore Scott, filed a response on October 21, 2024 **(ECF No. 15)**, and Defendants filed a reply on November 6, 2024 **(ECF No. 17)**. Having considered the motion, briefs, arguments, applicable law, and otherwise being fully advised, the Court concludes that the motion should be granted.

### I.    BACKGROUND

In his Complaint, Plaintiff alleges violations of his civil rights committed by Defendants, both Officers with the Albuquerque Police Department ("APD"), after Defendant Martinez arrested Plaintiff for shooting a homeless man three times on Central Avenue in Albuquerque. Plaintiff, who is Black, alleges that the homeless man, later identified as Scott Baify, continuously

threatened Plaintiff with violence and shouted racist slurs at him while Plaintiff walked along Central Avenue on the evening of September 29, 2023. Compl. ¶¶ 7, 15, 19, 23, 24, ECF No. 1-1. Plaintiff claims that he fired his gun at Mr. Baify in self-defense after Mr. Baify approached Plaintiff swinging a bag of rocks and shouting violent threats. *Id.* ¶¶ 28, 29. Plaintiff was unable to run away from Mr. Baify due to a knee injury. *Id.* ¶ 13.

After the incident, Plaintiff was experiencing heart abnormalities and was transported to the hospital. *Id.* ¶ 42. Once Plaintiff was released from the emergency room, Defendant Martinez informed Plaintiff that he was under arrest and transported him to be processed and sent to the Metropolitan Detention Center. *Id.* ¶¶ 43-45. Plaintiff was eventually charged with Aggravated Battery with a Deadly Weapon and spent six days in custody. *Id.* ¶¶ 47, 49. After further investigation of the case, the District Attorney's office filed a Nolle Prosequi on the indictment issued against Plaintiff. *Id.* ¶ 53.

Plaintiff filed his Complaint against Defendants and the City of Albuquerque in the Second Judicial District Court on May 30, 2024, and Defendants removed it to this Court on July 11, 2024. Notice of Removal 1, ECF No. 1. At the core of Plaintiff's Complaint is the allegation that Defendants withheld evidence that Plaintiff was acting in self-defense when he shot Mr. Baify in order to secure Plaintiff's arrest. Compl. ¶¶ 50, 62, 65, ECF No. 1-1. Specifically, Plaintiff alleges that Officer Martinez "fabricated evidence to secure the arrest of Scott, withheld material exculpatory information from the metropolitan court . . . included false information to establish probable cause or reasonable suspicion in the criminal complaint . . . and testified falsely before the grand jury." *Id.* ¶ 65. Defendant Denerstein, Plaintiff alleges, was supervising Defendant Martinez and "condoned, ratified, and supported" Defendant Martinez's conduct. *Id.* ¶ 64.

Plaintiff's Complaint states five counts: (I) Violation of the Fourth Amendment Under 42 U.S.C. § 1983 (Against APD Officers George Martinez and Max Denerstein); (II) Violation of the Fourth Amendment Under 42 U.S.C. § 1983 (Against the City of Albuquerque); (III) False Arrest (Against the City of Albuquerque, APD Officers George Martinez and Max Denerstein); (IV) Malicious Prosecution/Malicious Abuse of Power (Against the City of Albuquerque, APD Officers George Martinez and Max Denerstein); and (V) Negligent Training and Supervision (Against the City of Albuquerque). Defendants take issue with Count I.

## II.   DISCUSSION

Defendants Martinez and Denerstein have moved pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement regarding Plaintiff's claim against them under Section 1983 (Count I). A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); *Moya v. Schollenbarger*, 465 F.3d 444, 446 n.2 (10th Cir. 2006). While federal courts disfavor Rule 12(e) motions in light of the liberal discovery provided for under the federal rules, such motions should be granted if the claims alleged are not sufficiently specific to enable a responsive pleading in the form of a denial or admission. *See Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1155-56 (D. Kan. 2004).

Defendants Martinez and Denerstein argue that Count I of the Complaint is vague and ambiguous because it fails to identify any specific claims or legal theories that Plaintiff intends to pursue under the Fourth Amendment. Mot. 2, ECF No. 10. Defendants note that the allegations under Count I contain vague references to a conspiracy between the Defendants, a refusal by the Defendants to amend their complaint, malice, and a lack of probable cause for Plaintiff's arrest, confinement, and prosecution. *Id.* at 5. In his response, Plaintiff plainly states that he is bringing a

3

conspiracy claim pursuant to Fourth Amendment and § 1983. Resp. 2, ECF No. 15. However, the Court agrees with the Defendants that it is not apparent from the Complaint that this is what is being pled in Count I. Plaintiff fails to plead the elements of conspiracy, which consist of "facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). While Plaintiff is not required to establish a prima facie case in his Complaint, "the elements of each alleged cause of action help to determine whether [the p]laintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). For example, Plaintiff only uses variations of the word "conspiracy" twice in the Count. First, he says the Defendants "conspired to submit a criminal complaint falsely accusing Scott [of] Aggravated Battery (Deadly Weapon) in the Metropolitan Court," and second, he says that the Defendants "shared the same conspiratorial motive in this case; to secure the arrest, prosecution and conviction of Scott without probable cause." Compl. ¶¶ 95, 105, ECF No. 1-1. In other paragraphs Plaintiff alludes to cooperation between Defendants, claiming that that Defendant Denerstein supervised Defendant Martinez and approved of Defendant Martinez's conduct towards Plaintiff. *See id.* ¶¶ 101, 102, 104. But nowhere does Plaintiff explicitly allege an agreement or concerted action amongst the Defendants beyond Defendant Denerstein's supervision or approval of Defendant Martinez's actions. And interspersed throughout these vague allegations of conspiracy are allegations of false arrest and malicious prosecution, further muddying the focus of the Count. *See id.* ¶¶ 97, 101. Plaintiff's attempt to clarify the legal theory of Count I by stating it plainly in his Response is not sufficient to cure the deficiencies in the actual Complaint. *See Wroten v. Walmart*, No. 19-cv-1125 MV/JHR, 2020 WL 2364570 (D.N.M. Apr. 20, 2020), report and recommendation adopted, No. 19-cv-1125 MV/JHR, 2020 WL 2330018

(D.N.M. May 11, 2020) (quoting *Plotner v. Hodge*, No. 17-cv-02584, 2018 WL 2075849, at *4 (D. Colo. Apr. 9, 2018) ("[Plaintiff] may not amend his complaint via his Response[].").

Plaintiff argues that he will be able to provide more detail about his assertions and the facts constituting the cause of action after Defendants provide discovery. Resp. 7, ECF No. 15. Further, Plaintiff argues that Defendants are misguided and wrongly expecting the proof of the case to be made through the Complaint. *Id.* at 8. However, the issue with Count I of Plaintiff's Complaint is not necessarily that it is missing factual support but rather that it is vague and ambiguous to the point that Defendants cannot tell what legal theory Plaintiff is proceeding under. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("This requirement of plausibility serves . . . to inform the defendants of the actual grounds of the claim against them."). As Defendants note, the ambiguity of the Count makes it not only difficult for Defendants to appropriately prepare a responsive pleading but also to determine how to proceed in discovery. Plaintiff further tries to elucidate the conspiracy claim in his Response by outlining facts already pled in the Complaint to show that the Defendants conspired "to cause malicious prosecution." Resp. 15, ECF No. 15. But again, this does not remedy the vague nature of the Complaint itself.

### III.  CONCLUSION

For the reasons stated above, the Court finds that the Defendants' motion is well-taken and should be granted because Defendants' ability to prepare a responsive pleading is prejudiced by Plaintiff's failure to clearly identify the claims he is making against Defendants in his Complaint.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' *Motion for More Definite Statement* **(ECF No. 10)** is **GRANTED.** Plaintiff is granted 30 days to

file an amended complaint to address any deficiencies identified in this Memorandum Opinion and Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE